The plaintiff is the owner of land abutting on Capitol Avenue in Hartford. The city paved that street with asphalt, made an assessment for benefits upon the abutting lands, and has caused a lien to be filed in the town records of the town of Hartford upon and against the land of the plaintiff to secure the payment of his said assessment. The complaint avers that the assessment is illegal and void, and claims an injunction to restrain any steps to collect it, or to foreclose the said lien. The city demurred to the complaint. The question of what judgment shall be rendered upon the demurrer is reserved for the advice of this court.
The complaint alleges two distinct grounds of action.
First. That the assessment was made under the Special Act *Page 33 
of 1895 (Special Laws of 1895, p. 617, as amended by Special Laws, 1899, p. 504), and the city apportioned the amount of benefits assessed between the persons benefited, upon the basis of the number of feet of land owned by each abutting proprietor in proportion to the entire frontage upon that portion of the street paved; and that the plaintiff had no opportunity to be heard in reference to the benefits assessed upon his land, and was not in fact heard. It also alleges, as a fact, the conclusion of law that the Special Act authorizes an assessment in such manner; and the plaintiff's grievance is based on this assumption.
The Special Act is an amendment to the city charter, and must be construed in view of the existing charter provisions as to the assessment of betterments; while it may to some extent modify those provisions, we incline to think it substantially leaves them in force and applicable to the assessment for street pavements authorized by the Act. The decisive questions as to this ground of action are not presented by the complaint and demurrer with requisite clearness. Before we were asked to pass judgment by way of advice, the complaint should have been reformed, the allegations of law stricken out, and those of fact made more definite. This is immaterial, however, inasmuch as our opinion upon the other ground of action must finally dispose of this case.
Second. The complaint further alleges, that the vote ordering the street in question to be paved, and the vote assessing the abutting property-owners, including the plaintiff, were passed without giving the notice required by the Special Act to property-owners interested. The complaint avers that the board of street commissioners of Hartford, which in this connection means the city itself, on or about the 14th day of February, 1900, selected Capitol Avenue from Main Street to the Park River to be paved with asphalt during the season of 1900; that notice was given by publication in the daily newspapers of the city, and, so far as was practicable, by written notices, addressed to the property-owners interested at their own places of abode, and deposited in the post-office postage paid, at least ten days before any action was taken, *Page 34 
as by law provided; that on June 13th, 1900, the street commissioners passed votes ordering Capitol Avenue to be paved with asphalt from Main Street to Park River, and assessing two thirds of the expense of said pavement upon the abutting property-owners; that on or about June 20th, 1900, the said votes of June 13th were reconsidered and rescinded, and that without any further notice by publication, or written or printed notice as above set out, votes were passed ordering Capitol Avenue to be paved from the west line of Lafayette Street to Park River; that on or about June 27th, 1900, these votes of June 20th were submitted to and approved by the court of common council; that on or about November 26th, 1900, the city made an assessment upon the plaintiff's land to pay a portion of the cost of said pavement (to wit, $459.82).
These averments are all admitted by the demurrer, and because of these averments we think the demurrer should be overruled.
It was competent, without any doubt, for the street commissioners on June 13th, 1900, to pass votes ordering Capitol Avenue to be paved from Main Street to the Park River and assessing two thirds of the expense on the abutting land-owners. A taxing district had been fixed and the persons who were or ought to be subject to the assessment had been made known, and due notice had been given to all such persons. These votes, however, were on June 20th reconsidered and rescinded. The whole matter then was in the condition it was before any votes at all had been made. Subsequent votes ordering Capitol Avenue to be paved from the west line of Lafayette Street to Park River were passed without notice by publication or by mail to the plaintiff. These votes related to a different taxing district from the one embraced by the votes of June 13th. Different persons were affected by the assessment. The apportionment of the benefits and expenses was different. It was a new matter; in legal contemplation different from the one dealt with by the former votes. The charter required the board of street commissioners to give notice before passing these votes, just as much as before the passage of the votes of the 13th; and, as they *Page 35 
omitted to give any notice, we think they omitted an essential requisite, and that these votes are without any binding force. The assessment is void.
 The Court of Common Pleas is advised to overrule the demurrer.
The same advice is given in the McKone case.
In this opinion the other judges concurred.